CARMÉLITE RUYS, Wife, &c., v. H. V. BABIN, Sheriff, et als.

Property was purchased at a Sheriff's sale, under execution against the husband by *M*. *M*. transferred it to *H*., who sold it to the plaintiff, the consideration stipulated being the transfer to her vendor of her rights in the succession of her deceased father. The husband always remained in possession of the property. *Held*: That the property so purchased by the wife became her paraphernal property, and that the character of her title was not affected by the fact that her vendor, subsequently to the sale, made a relinquishment of the consideration stipulated in the act of sale.

APPEAL from the District Court of the Parish of East Baton Rouge, *Beale, J. A. S. Hennen*, for plaintiff. *J. Joor* and *H. M. Favrot*, for defendants and appellants.

VOORHIES, J. The plaintiff, *Carmélite Ruys*, sets up title to certain property described in her petition, which has been levied upon as her husband's, *L. A. Latil*, to satisfy two judgments obtained against him for the use of *A. Duplantier*. The defendant avers that she is not the *bona fide* owner; that if she has any apparent title thereto, it was obtained without any consideration, and was simulated, and intended fraudulently to cover her husband's property from the claims of his creditors; and that *Thomas F. Hernandez*, from whom she pretends to derive title, was a party to said fraud and simulation, and never was the *bona fide* owner of said property. She further avers, that the title was always in *L. A. Latil* the husband, and that he has always remained in possession.

It appears that on the fifth of September, 1846, *Joseph Ménard* purchased at Sheriff's sale, all the right, title and interest of *Latil* to the lot and improvements in controversy; and on the 14th of the same month and year, transferred the same by authentic act to *Hernandez*. On the 5th of September, 1853, *Hernandez* conveyed said lot and improvements to the plaintiff, for the sum of $600; in payment of which she transferred to him her rights in the succession of her deceased father. In the meantime, the plaintiff and her husband remained in possession of the premises without paying rent, and *Hernandez* paid the taxes. It further appears, that when the latter collected the amount coming to the plaintiff from the succession of her deceased father, he gave it back to her; and he testifies that he considered this as a donation.

There can be no doubt as to the complete divestiture of the husband's title by the Sheriff's sale in 1846; so that the effect of the transfer from *Hernandez* to the wife must regulate the respective rights of the parties.

The evidence in the record does not show any fraud on the part of *Hernandez*. He purchased from *Ménard* for a valuable consideration; nor is it pretended that his purchase was simulated and fraudulent. The naked fact that *Latil* was in possession of the property sold under execution, does not of itself vitiate the conveyances from the Sheriff to *Ménard*, and from the latter to *Hernandez*, as the evidence shows the reality of these transactions. Now, in regard to the question as to the consideration of the sale from *Hernandez* to the plaintiff, it appears to us clear, that the sale being made in the name of the wife, and the consideration stipulated being the transfer of her paraphernal rights, it follows, that the property so purchased is paraphernal. It is the consideration as stipulated in the formation of the contract, that gives character to the deed; and if *Hernan-*

*dez* chose afterwards to give up the stipulated consideration, and the plaintiff acceded to it, her original rights could not certainly be impaired thereby. Even if there was no consideration for the sale from *Hernandez* to the plaintiff, still it is not conceived in what respect the defendant could possibly complain; for the act, if not one of sale, must be treated as a donation, enuring to the benefit of the party in whose favor the same was made.

Judgment affirmed.